IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KARIE KENNEDY,                               )
                                             )
on behalf of herself and all others          )
similarly situated,                          )
                                             )
        Plaintiff,                           )
                                             )
v.                                           )        Cause No. 4:12-CV-0040-JCH
                                             )
BOULEVARD BANK,                              )
                                             )
        Defendant.                           )

## PLAINITFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY NOTICE OF COLLECTIVE ACTION

COMES NOW Plaintiff, by and through counsel, individually and on behalf of all others

similarly situated, and for Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to

Conditionally Certify Notice of Collective Action pursuant to 29 U.S.C. § 216(b), states as

follows:

>    A.    **This Court Should Apply the Well-Established Process For Conditional Certification Within This District That Refuses To Consider The Merits Of FLSA Claims For The Purposes Of Conditional Certification.**

In the notice stage, the plaintiff's burden is not onerous and the **merits of the FLSA**

**claim should not be considered by the court**. *Huang v. Gateway Hotel Holdings*, 248 F.R.D.

225, 227 (E.D. Mo. 2008) (emphasis added); *see also McCauley v. First Option Mortg.*, No.

4:10CV980 JCH, 2010 WL 3522316, at *2 (E.D. Mo. Sept. 2, 2010); *Schleipfer v. Mitek Corp.*,

No. 1:06CV109 CDP, 2007 WL 2485007, at *3 (E.D. Mo. Aug. 29 2007); *Smith v. Heartland*

*Automotive Servs.*, 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005) (burden at first stage is "not

rigorous."); *Fast v. Applebee's Int'l, Inc.*, 243 F.R.D. 360, 363 (W.D. Mo. 2007) (the Court does

not reach the merits of the plaintiff's claims at conditional certification stage); *Beasely v. GC Servs. LP*, 270 F.R.D. 442, 445 (E.D. Mo. 2010) (employer's arguments regarding the merits of plaintiffs' claims were not considered at the conditional certification stage); *Dernovish v. AT&T Operations*, Inc., No. 09–0015–CV–W–ODS, 2010 WL 143692, at *2 (W.D. Mo. Jan. 12, 2010) (arguments on merits not considered); *Ondes v. Monsanto Company*, No. 4:11CV197 JAR, 2011 WL 6152858, at *2 (E.D. Mo. Dec. 12, 2011) ("the Court does not reach the merits of the plaintiff's claims at this early stage of litigation"); *Perrin v. Papa John's International, Inc., and Papa John's USA, Inc*., No. 4:09CV01335 AGF, 2011 WL 4089251 (E.D. Mo. Sept. 14, 201l).

Despite this well-established legal principle to refrain from delving into the merits at the notice, conditional certification stage, Defendant insists on arguing the case on its merits. Defendant's position ignores this Court's previous opinion in *McCauley v. First Option Mortgage*, 2010 WL 3522316. In *McCauley*, this Court refuted the defendant's argument that the employees qualified under the federal exemption by stating, "the Court finds these assertions go to the merits of the suit and are not grounds for denying conditional certification of the class." *McCauley*, 2010 WL 3522316, at *3 (citing Kautsch, 504 F. Supp. 2d at 690 n.2). Additionally, in *McCauley*, the defendant argued that individualized inquiries were required for each Loan Officer, but this Court rejected that argument by reiterating that "[t]he Court will not make any credibility determinations or findings of fact with respect to contradictory evidence presented by the parties at this initial state." *Id*. Defendant mistakenly cites several out-of-circuit cases to propose that evaluation of exemption and/or non-exempt status is examined at the notice stage of conditional certification. Defendant primarily relies on one Michigan District Court case in support of analyzing the merits of a misclassification case during the notice stage. *Olvio v. GMAC Mortg. Corp*., 374 F. Supp. 2d 545 (E.D. Mich. 2004). In *Olvio*, the court made a "fact

intensive inquiry" to determine the applicability of a potential exception at the notice stage of a conditional certification. *Id*. at 549.

No case law from the United States District Court for the Eastern District of Missouri supports Defendant's position. In sum, because it goes against the well-established law of this Circuit, the merit-based analysis that the Defendant urges this Court to undertake should be disregarded at the notice state of conditional certification.

     **B.**     **The Putative Class Will Only Consist Of Loan Officers That Fit Squarely Within the Definition Of The Class, Not All Loan Officers Employed by Defendant.**

Defendant's argument that Plaintiff seeks to propose a collective definition that includes any Loan Officer, including Loan Officers that were paid a salary, is simply not accurate based upon the briefing provided by Plaintiff to the Court. A collective group may be considered "similarly situated" as "victims of a single decision, policy or plan." *Huang*, 248 F.R.D. at 228.

Plaintiff clearly identifies the group that it seeks to notify in Plaintiff's Memorandum in Support to Conditionally Certify Class. The group consists of Residential Real Estate Mortgage Loan Officers that were compensated on a commission compensation structure since 2009. Plaintiff does not seek to notify or conditionally certify a class of Loan Officers that were compensated on a salary or hourly-based compensation structure.

     **C.**     **Plaintiff Has Come Forward With Substantial Allegations That A Loan Officer Class Exists, And That She Is A Member Of That Class.**

Defendant contends that the Plaintiff has not met her burden to demonstrate that she is similarly situated to other employees. Defendant again misleads this court by relying on other District's precedent, instead of the well-established precedent of this District.  Defendant mistakenly relies on the case *Holesapple v. E-Mortgage Management*, LLC, No. 11-0769 (NLH)(KMW), 2011 WL 6887684 (D.N.J. Dec. 29, 2011), to suggest that Plaintiff has not met

the burden of establishing the existence of a putative class whose members are similarly situated, and were the victims of a single decision, policy or plan. However, as the New Jersey court in *Holesapple* points out, the Third Circuit is badly split on the evidence required to show the existence a putative class being similarly situated, with the New Jersey court, unlike some of its sister courts in the Third Circuit, adopting the requirement that plaintiffs show a "modest factual nexus between their situation and that of the proposed class members." *Id*. at *3. The New Jersey court noted the "factual nexus" standard is more stringent than the approach taken by courts that grant conditional certification based on "mere allegations that the putative class members were injured by a single policy of the defendant employer." *Id*. at *3. In short, the *Holesapple* case is not the law in this jurisdiction and the facts are inapplicable to this case.[1]

    In comparison to the New Jersey Court's standard, the standard in this jurisdiction is more lenient at the notice stage. As the *Ondes* court noted, "the plaintiffs motion for certification is typically filed at an early stage of the litigation thus requiring a lenient evaluation standard and typically resulting in conditional certification of a representative class." 2011 WL 6152858, at *2 (quoting *Kautsch v. Premier Communications*, 504 F.Supp.2d 685, 688 (W.D. Mo. 2007)); *see also McCauley*, 2010 WL 3522316, at *2. Also, a defendant's claims that the plaintiff is not similarly situated to the purported class "goes to the merits of the suit, and are not grounds for denying conditional certification of the class." *See Ondes*, 2011 WL 6152858, at *3.

    Here, this court entered an initial conditional certification scheduling order on April 11, 2012.  The Motion for Conditional Certification was filed on June 15, 2012. The Motion for Conditional Certification has been filed at an early state of the litigation.

---

    [1] Factually, *Holesapple* can be distinguished from the present case as well. Here, Defendant points out that the *Holesapple* court stated that the plaintiff, Washington, who was management, did not provide any evidence that he had personal knowledge of others employees paychecks while he was office manager. The court found these to be conclusory allegations because Washington was a person "presumably in a position to know." These facts are not present here because Plaintiff was not management, so she did not possess managerial access to others' paychecks.

Plaintiff states that on several occasions she worked more that forty (40) hours per workweek without overtime compensation and earned less than minimum wage based upon hours worked in a week due to the Loan Officers' commission-based pay scheme. Boulevard has admitted its Loan Officers were subject to a commission-structured compensation plan. (Def. answer to Pl's. First Set of Inter. No. 3, 9, and 12). Boulevard admitted it failed to maintain timekeeping systems for Plaintiff and other Loan Officers it employed since 2009. (Def. Answer to Pl's first Set of Inter. Nos. 4, 12). Additionally, **Plaintiff observed other Loan Officers** being compensated pursuant to the commission plan implemented by Boulevard without an hourly rate, salary structure, or overtime compensation. (Kennedy Decl. ¶ 23). Plaintiff provides more than the "substantial allegations" necessary to satisfy the "lenient" standard for conditional certification of a collective action and authorizing notice that is disseminated to putative class members.

Defendant complains that Plaintiff submits only one affidavit. However, courts within this Circuit have granted conditional certification based on a single declaration, when that declaration contains first-hand knowledge of a policy or practice applicable to the class sought. See, e.g *Ondes*, 2011 WL 6152858, at *4-5 (granting conditional certification based on one affidavit verifying instructions to the named plaintiff and others); *Schleipfer*, 2007 WL 2485007, at *3 (granting conditional certification based on one affidavit) & Case No.1 :06-cv-00109 (CDP) (E.D. Mo.) (Docs. 28 & 29); *Loyd v. Ace Logistics*, *LLC*, No. 08-CV-00188-W-HFS, 2008 WL 5211022, at *2-3 (W.D. Mo. Dec. 12, 2008) (certifying class on the basis of one affidavit by plaintiff); *Robertson v. LTS Mgmt. Servo LLC*, 642 F.Supp.2d 922, 926 (W.D. Mo. 2008) (noting certification may be granted on basis of a single plaintiffs affidavit); Boyle v. Barber & Sons Co., No. 03-0574-CV-W-FJG, 2004 WL 5897946, at *4 (W.D. Mo. May 21,

2004) (granting conditional certification based on the affidavit of one former employee).

In this case, and in every case, it is the evidence submitted that matters, not the quantity of declarations. Here, Plaintiff's sworn declaration contains first-hand knowledge that she worked well in excess of forty (40) hours per work week and was not compensated for overtime hours worked in excess of forty (40) hours. (Kennedy Decl. ¶¶ 10, 12; See Def. Answer to Pl's. First Set of Inter. Nos. 3, 9, and 12). Additionally, Plaintiff was not compensated at the minimum wage rate for any hours she worked. (Kennedy Decl. ¶ 13; See Def. Answer to Pl's First Set of Inter. Nos. 3, 9, and 12). Finally, during her employment with Boulevard, **she observed** other Loan Officers not being paid by the hour or based upon a salary structure. (Kennedy Decl. ¶ 24).

In short, Plaintiff's lone sworn declaration containing her allegations and observations, her allegations, and Boulevard's admissions meet the "substantial allegations" requirement under the similarly situated" standard.

### D.     In This District Plaintiff Does Not Have To Establish That Anyone Else Is Interested In Joining This Lawsuit.

Defendant has attempted to create a new requirement for conditional certification. Plaintiff does not need to establish anyone else is interested in joining this lawsuit because of the well-established case law of this District. In *Ondes*, the plaintiff brought an "off-the-clock" FLSA claim and conditional certification was granted. 2011 WL 6152858, at *1-2. The *Ondes* plaintiff submitted a single affidavit (his own) that stated he was asked to work "off-the-clock," that he did so, and that he witnessed others working in excess of forty (40) hours per workweek. *Id*. at *3-4. However, the defendant argued the plaintiff did not identify others who are interested in joining the class. *Id*. at *4-5. In *Ondes* and here, the defendant cited several out-of-circuit cases to mistakenly suggest courts routinely deny conditional class certification where the plaintiff does not identify other similarly situated individuals interested in joining the class. The

*Ondes* court granted conditional certification at the (notice) stage of the litigation based upon the affidavit of the plaintiff and without specific evidence of individuals interested in joining the class. *Id*. at *5.

Additionally, the court went out of its way to clarify this District's position regarding evidence of potential class members and stated:

> [t]he Court does not require evidence that potential class members desire to opt-in the litigation at the first stage of certification. *Kautsch,* 504 F.Supp.2d at 690 n. 1. The Court agrees that such a rule " 'would essentially force plaintiffs or their attorneys to issue their own form of informal notice or to otherwise go out and solicit other plaintiffs.' " *Helmert v. Butterball, LLC,* 4:08CV00342, 2009 U.S. Dist. LEXIS 116460, at *16, 2009 WL 5066759 (E.D.Ark. Dec. 15, 2009)(quoting *Heckler v. DK Funding, LLC,* 502 F.Supp.2d 777, 780 (N.D.Ill.2007)). "Furthermore, requiring named plaintiffs to contact potential class members to survey their interest in opting in to the litigation before sending the class members official notice of the litigation would unnecessarily give rise to potential ethical issues." *Id.*

*Ondes*, 2011 WL 6152858, at *2. Here, requiring Plaintiff to contact potential class members to survey their interest would give rise to ethical issues that the *Ondes* Court established should be avoided. Requiring evidence that others will opt-in would place Plaintiff in communication with potential litigants without court supervision or guidance, and could lead to accusations that the Plaintiff improperly solicited the putative class. Additionally, as a policy matter, it would make little sense to require plaintiffs to have the knowledge that they attempt to obtain by gaining approval of notice from the court. In sum, this Court should follow this District's well-established case law and reject Defendant's notion that Plaintiff has to present evidence that other class members desire to opt-in.

### E.   Misclassification Cases Typically Have A Lower Burden Than Off-The-Clock Cases

While there is a difference between misclassification cases and off-the-clock cases, that difference is actually a lower burden for misclassification cases, so it actually strengthens

Plaintiff's argument. A recent case from this District explained the lower burden for

classification cases as follows:

> [a]n allegation that an employer improperly classified certain employees as
> exempt does not require further proof of a company policy: the classification
> scheme itself is the policy. *See, e.g., Schleipfer v. Mitek Corp.,* No. 1:06CV109
> CDP, 2007 WL 2485007 (E.D.Mo. Aug.29, 2007)(conditionally certifying a class
> based on allegations that employer misclass[i]fied employees as exempt, only
> requiring evidence of the classification, similar job duties, and unpaid overtime
> work). [sic] Off-the-clock allegations typically require some additional evidence
> of managerial participation or knowledge; misclassification allegations do not. In
> misclassification allegations, a plaintiff must typically show that the employees
> performed similar duties, were classified as exempt, worked more than forty
> hours, and were not paid overtime. *Schleipfer,* 2007 WL 2485007, at *3.

*Greenwald v. Phillips Home Furnishings Inc*., No. 4:08CV1128 CDP, 2009 WL 259744, at *5

(E.D. Mo. Feb. 3, 2009). Here, Plaintiff's sworn declaration, her allegations, and Boulevard's

admissions demonstrate the Residential Real Estate Mortgage Loan Officers performed similar

duties, were classified as exempt, worked more than forty (40) hours per work week, and were

not paid overtime. Therefore, Plaintiff has satisfied her burden for a misclassification case under

this District's well-established case law.

    In sum, Plaintiff has presented sufficient allegations in her Complaint, her sworn

declaration, Boulevard's interrogatories, and Boulevard's written Loan Officer pay plan to show

that conditional certification should be granted.

> **F.**     **Defendant Is Not Permitted To Dictate The Terms Of The Collective**
>         **Notice Form.**

    As noted by Judge Noce in *Littlefield v. Dealer Warranty Services, LLC*, 679 F. Supp. 2d

1014, 1018 (E.D. Mo. 2010), the court should not alter the plaintiff's proposed notice, unless

certain changes are necessary. See also *Creten-Miller v. Westlake Hardware, Inc.*, No. 08-2351-

KHV, 2009 WL 2058734, at *2 (D. Kan. July 15, 2009). The FLSA requires that notice to

potential plaintiffs be "accurate and timely," giving potential plaintiffs the chance to make an

informed decision about whether to participate. *Littlefield*, 679 F. Supp. 2d at 1018 (*citing Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 499 (D. Neb. 2009)). District courts must approve both the content and method of disseminating notice to potential class members. *Littlefield*, 679 F. Supp. 2d at 1018. This oversight ensures that notices are timely, accurate, and informative, and helps prevent later disputes. *Id*. At the same time, the court must be cautious to avoid endorsing, or appearing to endorse, the merits of the underlying claim. *Id*.

Defendant argues Plaintiff's proposed notice does not include all language that was included in the *Huang* notice form. Plaintiff's notice when read as a whole is accurate, clear, informative, and does not require amendment. It is not assured that if a potential opt-in plaintiff joins this lawsuit that they will be required to perform actions specifically stated in the *Huang* notice. While Plaintiff used the *Huang* as a model, Plaintiff ultimately constructed a notice that is most accurate and appropriate for this case. Because no changes to the language of the notice are absolutely necessary, this Court should not alter Plaintiff's proposed notice. See *Littlefield*, 679 F. Supp. 2d at 1018.

Defendant argues that the proposed notice period of 120 days is not consistent with the notice period in *Huang*. This court has the discretion to set the opt-in period. *Campbell v. Advantage Sales & Marketing*, No. 1:09-cv-01430-LJM-DML, 2010 WL 4386793, at *4 (S.D. Ind. 2010). Plaintiff believes 120 days is a necessary period of time for class members to receive the notice and decide whether to opt-in. Plaintiff's counsel will invariably have to deal with logistical issues relating to class members that have moved or whose mail has been forwarded since they resided at their last known address, therefore this Court should not deem it necessary to alter Plaintiff's proposed notice period.

Defendant argues that it should not be required to post the Notice in its workplaces

because first-class mail is sufficient in and of itself. However, persuasive case law from this District supports conspicuous posting of the notice alerting potential opt-in plaintiffs at the places of employment in addition to alerting plaintiffs by e-mail and mail of their right to opt-into the litigation. In *Bittick v. City of Foristell*, 4:11CV875MLM, 2011 WL 6945106, at *4 (E.D. Mo. Dec. 30, 2011), Judge Medler as part of conditional certification ordered "IT IS FURTHER ORDERED that, within fourteen days of the date of this Memorandum Opinion, Defendants conspicuously post notice of this case, consistent with Plaintiffs' Exhibit 1, in the break room of the Foristell Police Department until the opt-in period expires." See also *Garcia v. Salamanaca Group*, No. 07 C 4665, 2008 WL 818532, at *5 (N.D. Ill. March 24, 2008) (notice ordered to be posted at each of the defendants' four restaurants "would be appropriate and not unduly punitive").

In sum, this Court should not alter Plaintiff's proposed notice because it will accurately and timely give potential plaintiffs the opportunity to make informed decisions about whether to participate.

<u>**CONCLUSION**</u>

WHEREFORE, Plaintiff requests that this Court grant the relief sought in Plaintiff's Motion for Conditional Certification and for such further relief as this Court deems just and proper.

Respectfully Submitted,



By:        */s/ Kevin J. Dolley*
          Kevin J. Dolley, USDC #54132MO
          LAW OFFICES OF KEVIN J. DOLLEY, LLC
          34 N. Brentwood Blvd., Suite 207
          St. Louis, MO 63105
          (314)645-4100 (office)
          (314)647-4300 (fax)
          kevin@dolleylaw.com

          Mark A. Koupal Jr., USDC #63945MO
          LAW OFFICES OF MARK A. KOUPAL JR., LLC
          34 N. Brentwood Blvd., Suite 207
          St. Louis, MO 63105
          (314)645-4100 (office)
          (314)647-4300 (fax)
          mark@koupaljrlaw.com

          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      The undersigned certifies the service of the foregoing document on all counsel of record effectuated through the Court's electronic filing system on August 2, 2012.

                                */s/ Kevin J. Dolley*