UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| KARIE KENNEDY, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff(s), | ) ) | |
| vs. | ) ) | Case No. 4:12CV40 JCH |
| BOULEVARD BANK, | ) ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice, filed June 17, 2012.  (ECF No. 14).  The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Karie Kennedy formerly worked as a Residential Real Estate Mortgage Loan Officer for Defendant Boulevard Bank ("Boulevard").[1]  Plaintiff alleges that Boulevard violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), by classifying Residential Real Estate Mortgage Loan Officers as exempt, and denying them minimum wages and overtime compensation. Plaintiff now moves for conditional certification as a collective action under the FLSA, so that she may notify other current and former Boulevard employees of this action, and provide them an opportunity to "opt-in" as Plaintiffs to this litigation.

---

[1] In her Complaint, Plaintiff refers to herself and those allegedly similarly situated as "loan officers."  (See, e.g., Compl., ¶ 7).  In her reply brief, however, Plaintiff clarifies that the class she seeks to certify consists solely of "Residential Real Estate Mortgage Loan Officers that were compensated on a commission compensation structure since 2009." (Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Conditionally Certify Notice of Collective Action, P. 3).

The FLSA requires that employers pay non-exempt employees overtime compensation if they work more than forty hours per week.  <u>See</u> 29 U.S.C. § 207.  Employees may be exempt from this overtime provision, however, if they meet certain requirements set forth in the Act.

> For example, employees who are not "engaged in commerce or in the production of goods for commerce" are not covered by this overtime provision. 29 U.S.C. § 207(a)(1).  Certain retail employees are also exempt, and are not entitled to overtime, if commissions make up more than half of their salary.  29 U.S.C. § 207(i).

<u>Greenwald v. Phillips Home Furnishings Inc.</u>, 2009 WL 259744 at *1 (E.D. Mo. Feb. 3, 2009).

Plaintiff alleges that Boulevard improperly classified all its Residential Real Estate Mortgage Loan Officers as exempt.  As a result, Residential Real Estate Mortgage Loan Officers received no hourly pay or salary; instead, Boulevard compensated them strictly through commissions.  Plaintiff supports her allegations with an affidavit, in which she states (1) that while employed with Boulevard, she was compensated pursuant to a pure commission plan, rather than by the hour or based upon a salary structure, (2) that Boulevard did not maintain records of the hours she worked, (3) that while employed with Boulevard, she worked well in excess of forty hours per work week, including evenings, weekends and occasional holidays, (4) that she was not compensated at a minimum wage for any hours she worked, or overtime for the hours worked in excess of forty per work week, (5) that the duties she performed for Boulevard were in the nature of those performed by non-exempt employees under the FLSA, and (6) that other Residential Real Estate Mortgage Loan Officers were subject to the same terms and conditions of employment as Plaintiff.

Boulevard does not contest the allegation that it classified its Residential Real Estate Mortgage Loan Officers as exempt.  Nor does Boulevard contest the allegation that Plaintiff was not paid a minimum wage for hours she worked, or any overtime for weeks in which she may have worked more than forty hours.  Instead, Boulevard maintains Plaintiff properly was compensated by

- 2 -

commission and classified as exempt, as she functioned in the capacity of a sales representative.

## DISCUSSION

### I.   Conditional Class Certification

Section 7 of the FLSA mandates that an employer may not subject non-exempt employees to a work week in excess of forty hours, unless the employee is compensated for his or her overtime with additional pay of at least one and one-half times his or her regular hourly wage.  29 U.S.C. § 207.  An action to recover overtime compensation and liquidated damages may be maintained, "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).

"The Eighth Circuit Court of Appeals has not decided the standard to determine whether potential opt-in plaintiffs are 'similarly situated' under § 216(b)."  Greenwald, 2009 WL 259744 at *4.  District courts within the circuit frequently have utilized a two-step analysis to make the determination.  Littlefield v. Dealer Warranty Services, LLC, 679 F.Supp.2d 1014, 1016 (E.D. Mo. 2010).  "Under this two-step process, the plaintiff first moves for class certification for notice purposes."  Dernovish v. AT&T Operations, Inc., 2010 WL 143692 at *1 (W.D. Mo. Jan. 12, 2010) (internal quotation marks and citation omitted).  "Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to opt-in."  Id. (internal quotation marks and citation omitted).[2]  "At the second step of the process, the defendant may move to decertify the class."  Id. (internal quotation marks and citation omitted).  This typically is done after the close of discovery, when the Court has much more information and is able to make a more informed decision.

---

[2] A collective action under § 216(b) thus differs from class actions brought pursuant to Rule 23 of the Federal Rules of Civil Procedure.  One primary distinction "is that under FLSA a similarly situated employee must 'opt-in' to the collective action to be bound by it, whereas under Rule 23, a similarly situated employee must 'opt-out' to avoid being bound by the judgment."  Greenwald, 2009 WL 259744 at *4 (citations omitted).

Id.  "If the claims are not similarly situated, the court decertifies that class and the opt-in plaintiffs are dismissed without prejudice."  Garner v. Regis Corp., 2004 WL 5455905 at *2 (W.D. Mo. Aug. 5, 2004) (citation omitted).

"The plaintiff's motion for certification is typically filed at an early stage of the litigation thus requiring a lenient evaluation standard and typically resulting in conditional certification of a representative class."  Kautsch v. Premier Communications, 504 F.Supp.2d 685, 688 (W.D. Mo. 2007) (citations omitted).[3]  "Conditional certification at the notice stage generally requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."  Greenwald, 2009 WL 259744 at *4 (internal quotation marks and citations omitted).  Plaintiff may meet this burden by supplying "detailed allegations supported by affidavits." Id. (internal quotation marks and citation omitted).  Furthermore, the type of allegations required depends on the kind of policy, decision, or plan the plaintiff alleges.  Id. at *5.

> For example, allegations that employees worked off-the-clock without overtime compensation typically require some proof that management imposed or knew of the off-the-clock work.  Without such management participation, there is no common company policy.  However, an allegation that an employer improperly classified certain employees as exempt does not require further proof of a company policy:  the classification scheme itself is the policy.

Id. (internal citations omitted).

In the instant case, Plaintiff alleges that all Residential Real Estate Mortgage Loan Officers were subject to a single policy:  they were all classified as exempt.  As such, Plaintiff alleges they categorically were denied payment for their services at a minimum wage, and were denied overtime compensation when they worked more than forty hours in a single week.  Plaintiff supports her

---

[3] The Court does not reach the merits of the plaintiff's claims at this early stage of litigation. Kautsch, 504 F.Supp.2d at 688.

allegations with her own affidavit, in which she attests both that she was denied minimum wages and overtime, and that other employees who performed similar work were also denied such compensation. Courts have conditionally certified misclassification claims on the basis of allegations and evidence similar to what Plaintiff has provided here.  See Schleipfer v. Mitek Corp., 2007 WL 2485007 (E.D. Mo. Aug. 29, 2007) (conditionally certifying a class based on the affidavit of a single employee); Boyle v. Barber & Sons, Co., 2004 WL 5897946 (W.D. Mo. May 21, 2004) (same).  Plaintiff's Motion to Conditionally Certify Class will therefore be granted.[4]

## II.    Form And Manner Of Notice

Plaintiff has attached proposed Notice and Consent Forms to her Memorandum of Law in Support of Plaintiff's Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice.  Boulevard objects to Plaintiff's proposed Notice on several grounds.  The Court has considered Plaintiff's submission, together with Boulevard's objections, and now orders Plaintiff to utilize the language contained in the Notice Form attached to this Memorandum and Order.[5]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice (ECF No. 14) is **GRANTED** in accordance with the foregoing, and the Court conditionally

---

[4] Boulevard's assertions that Plaintiff cannot adequately represent the class because she is not similarly situated under the FLSA, and that Plaintiff is actually exempt under the FLSA as an "outside salesman," go to the merits of Plaintiff's claims and are not yet ripe for resolution.  Greenwald, 2009 WL 259744 at *6.

[5] Boulevard did not lodge any objections to Plaintiff's proposed Consent Form, and the Court approves the form as submitted.

certifies a class of all individuals who were employed as Residential Real Estate Mortgage Loan Officers for the Defendant for the period of three (3) years from the date of this Order.

**IT IS FURTHER ORDERED** that within fourteen (14) days of the date of this Order, Boulevard shall produce to Plaintiff a list of all potential class members, including their names, last known mailing addresses, email addresses and telephone numbers (if known), in a readable electronic date file format.

**IT IS FURTHER ORDERED** that Plaintiff is authorized to send notices of this suit to potential opt-in Plaintiffs in a format substantially identical to the Notice attached to this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff is authorized to send consent forms to potential opt-in Plaintiffs in a format substantially identical to the consent form in Exhibit 3 attached to Plaintiff's motion.

**IT IS FURTHER ORDERED** that Plaintiff's counsel is permitted to provide notice of and information regarding this lawsuit on his website.[6]

Dated this _22nd_ day of August, 2012.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE

---

[6] With her motion, Plaintiff did not provide a proposed notice for Boulevard to post in its offices, and the Court will not order Boulevard to post any notice at this time.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KARIE KENNEDY, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff(s), | ) ) | |
| vs. | ) ) | Case No. 4:12CV40 JCH |
| BOULEVARD BANK, | ) ) | |
| Defendant(s). | ) | |

## NOTICE OF YOUR RIGHT TO OPT-IN TO LAWSUIT AGAINST BOULEVARD BANK

**TO:**     **All Current And Former Boulevard Bank Residential Real Estate Mortgage Loan Officers Who Were Employed In This Position From [Insert Date Three Years prior to Date Notice is to be issued] To The Present.**

**RE:**     **Fair Labor Standards Act Lawsuit Filed Against Boulevard Bank**

**NOTICE:**     **To opt-in this lawsuit, you must actually sign the attached consent form and return it to Plaintiff's counsel.**

## INTRODUCTION

The purpose of this Notice is (1) to inform you of a collective action lawsuit, (2) to advise you of how your rights may be affected by this lawsuit, and (3) to instruct you on the procedure for joining this lawsuit should you choose to do so.

## DESCRIPTION OF THE LAWSUIT

A lawsuit has been filed against Boulevard Bank (hereinafter "Boulevard") by Karie Kennedy on behalf of herself and all other current and former residential real estate mortgage loan officers who have performed work for Boulevard in the past three (3) years before this notice was issued, and who did not receive overtime compensation for hours worked in excess of forty (40) in a single workweek and/or minimum wage compensation in a particular workweek.

Boulevard denies that it violated the Fair Labor Standards Act ("FLSA") or any other applicable laws, or that any wages are owed.  Boulevard further asserts that persons employed as

residential real estate mortgage loan officers are exempt from the overtime and minimum wage requirements of the FLSA.

## WHOM DOES THIS LAWSUIT AFFECT?

You are eligible to opt-into this case if you meet the following requirements:

(a)     You were employed or performed duties as a residential real estate mortgage loan officer at any time since [insert date 3 years prior to date of this notice] to the present; and

(b)     While employed or performing duties as a residential real estate mortgage loan officer, you did not receive overtime compensation for hours worked in excess of forty (40) in a single work week within the last three years, and/or your total compensation for any work week within the last three years, when divided by the total number of hours you worked during that week, did not meet or exceed the minimum wage.

## NO OPINION EXPRESSED AS TO MERITS OF THE CASE

This notice is for the sole purpose of determining the identity of those persons who wish to be involved in the claim for violations of the FLSA.  The United States District Court for the Eastern District of Missouri expresses no opinion regarding the merits of the claims made by Karie Kennedy, or the defenses of Boulevard.  There is no assurance at this time that any relief will be granted nor, if granted, the nature and amount of relief.

## HOW TO PARTICIPATE IN THIS LAWSUIT

Enclosed you will find a form entitled "Plaintiff Consent Form".  **You must file a Consent Form to join this lawsuit as a party plaintiff.**

If you choose to join this lawsuit, you will be bound by the judgment or any settlement of this action.  While the lawsuit is pending, you may be required to assist Plaintiff's counsel in this matter. If you choose to join this suit, you may be required to respond to written requests for information and documents, and to appear for depositions, hearings or trial.  If you complete the enclosed Consent Form, you will be designating Plaintiff and her attorneys to act on your behalf and to represent your interests.

You may choose to join this action by mailing, faxing, or emailing the attached Consent Form to the address, fax number or email address listed below for filing with the Court.  Your Consent Form must be received by Plaintiff's counsel on or before [insert 60 days after date of notice] for you to participate in this case.  Mail, fax, or email the Consent Form to:

**Boulevard Bank Wage and Hour Litigation**
**c/o Law Offices of Kevin J. Dolley, LLC**
**34 N. Brentwood Blvd., Suite 207**

**St. Louis, Missouri 63105**
**Fax:  (314) 647-4300**
**Email:  kevin@dolleylaw.com**

A self-addressed, stamped envelope is enclosed for your convenience.

## STATUTE OF LIMITATIONS

The FLSA has a maximum statute of limitations of three (3) years.  If you choose to join this action, you may be able to recover damages if, within the three (3) years preceding the date your Consent Form is filed, Boulevard failed to provide you overtime or other just compensation for hours worked in excess of forty (40) in any single workweek and/or minimum wage compensation.  If you choose not to join this action or file your own action, some or all of your potential claims may be barred by the applicable statute of limitations.

## NO RETALIATION PERMITTED

The law prohibits retaliation against employees for exercising their rights under the FLSA.  It is in complete violation of the law and public policy for an employer to terminate an employee for exercising their rights under the FLSA.   Thus, Boulevard is prohibited from terminating you or retaliating against you in any manner because you choose to participate.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this case by filing a Consent Form, your interests will be represented by Plaintiff's attorneys:

Kevin J. Dolley
LAW OFFICES OF KEVIN J. DOLLEY, LLC
34 N. Brentwood Blvd., Ste. 207
St. Louis, MO 63105
Telephone:  (314) 645-4100
Fax:  (314) 647-4300
kevin@dolleylaw.com
www.dolleylaw.com

Plaintiff's attorneys have taken this case on a contingency basis.  They may be entitled to receive attorneys' fees and costs from Boulevard should there be a recovery or judgment in favor of Plaintiff(s).  If there is a recovery, Plaintiffs' attorneys will receive a part of any settlement obtained or money judgment entered in favor of all members of the class.  If there is no recovery or judgment in Plaintiffs' favor, Plaintiffs' attorneys will not seek any attorney's fees or costs from any of the Plaintiffs.

## SEE ATTACHED PLAINTIFF CONSENT FORM
